Very well, Mr. Moss, we'll hear from you first. Good afternoon, your honors. Mr. Taylor is serving a 60-year mandatory minimum sentence, 50 years of which was based on two 924c convictions, which at the time required two 25-year consecutive sentences. The First Step Act, which was intended to unwind decades of mass incarceration and increase the use of compassion release, repealed the so-called stacking provision of 924c. Consequently, if Mr. Taylor was sentenced today, he would face a 10-year sentence for those offenses rather than 50 years. This appeal poses the question whether a district court may consider the FSA's elimination of the 924c stacking provision in determining whether extraordinary and compelling reasons warrant a sentence reduction under 3582c1. Mr. Taylor does not contend that this change as a matter of law constitutes extraordinary and compelling reasons in every single case, but only that it is a circumstance a court may consider. That contention is consistent with this court's decision in Marcuson, which holds the determination of extraordinary and compelling reasons requires an inmate's unique circumstances. Along those lines, the district court should be able to consider the racial disparity of 924c sentences, especially for multiple stacked sentences. In 2016, more than 70% of that class of defendants were black. So that's ten times the population, what you would expect black males to comprise. The court should also... Mr. Moss, Mr. Moss, when you're looking at the extraordinary and circumstances versus the 3553a review that the statute requires, how do you separate those out, those two? What's the difference between, in your view, between that, are there extraordinary and compelling circumstances versus sort of when we get back into the familiar 3553a? Judge Kelly, I think there is significant overlap in in those two inquiries. What is clear by the amendments to the policy statement or the application notes to the policy statement that I think may relate is there's no requirement that the circumstances a defendant relies upon to demonstrate extraordinary and compelling reasons. That need not be for unforeseeable. It could have existed at the time of the original sentencing. So I think that's some indication that there is an overlap between these things. Certainly, there's not, this is a new body of case law, so I think it will continue to be developed, but I think there's significant overlap between those two inquiries. What constitutes extraordinary and compelling and, you know, just the standard 3553 analysis that occurs at any sentencing. We also believe the court should be able to consider whether the 924C sentence related to a crime of violence, such as kidnapping or murder or bank robbery or a drug offense, like Mr. Taylor's. Along those lines, the court should be able to consider whether the 924C was related to a drug quantity, as Mr. Taylor's did. And finally, the court should be able to consider whether a defendant is serving multiple stacked sentences, as Mr. Taylor is. It's not just one 25-year consecutive sentence, it's two. So we believe all of those are appropriate considerations given the broad discretion this court affords to district courts in evaluating 3582 motions and whether or not extraordinary and compelling circumstances have been demonstrated. The government, at page 40 of the government brief, they contend the district court did in fact consider the change to 924C when it held that the disparity is not an extraordinary and compelling reason to reduce Mr. Taylor's sentence. And on the face of it, the citation they cite in their brief is an accurate citation, but it ignores the context of the district court's analysis. If the court were to look at the top of page 3 of the order, the district court itself frames the issue as whether extraordinary and compelling reasons can include circumstances where a non-retroactive change in the law renders a defendant's sentence greater than the sentence he would receive today. The court then goes on to agree with other cases holding that compassionate release is not an appropriate vehicle to circumvent congressional decisions about retroactivity. And also the court notes that expanding the meaning of extraordinary and compelling would create a de facto retroactive amendment to 924C, which was inconsistent with the underlying intent of the First Step Act. So we believe if you look at the context of the court's ruling, it's very clear the court below held no, that cannot be considered. Not that the court was considering it, but finding that it fell short of extraordinary and compelling reasons. And finally, the court notes that rehabilitation alone cannot qualify by itself as extraordinary and compelling reasons. So that holding also demonstrates that the district court is basically finding, well, since we cannot consider the changes to 924C, all we have is rehabilitation. We know based on this court's case law that that alone is not enough. So we believe the order and the record is very clear. The court did not consider this in any way and we believe that was error. Markeson, which was decided by this court, also notes, and I didn't really, based on Markeson, I did not spend a lot of time on whether or not the policy statement 1B1.13 is binding. I think it's clear that Markeson resolves that issue. It states, no, it's not binding and it's only error if the court considers only the circumstances listed in 1B1.13. I know that my reply brief dealt with that and that takes up a significant portion of the brief. However, based on Markeson, I have not addressed that. I don't believe that's really an issue based on Markeson anymore. I think it's clear that policy statements are relevant. They should be considered, but they're not binding. And for that reason, we believe the district court erred by not considering the FSA's changes, dramatic changes, and the gross disparity in the sentence that Mr. Taylor would face today, if he was sentenced today. I do see I am into my rebuttal time, so I would like to reserve whatever time I have left. Thank you. Well, if you don't mind, I wanted to get in one question before you rest, and that is, what do you say to the point made by several of the circuits who rejected your position, who say that the ordinary practice is to apply new penalties only to new defendants who haven't been sentenced, and not to apply it retroactively, and that what the Supreme Court views as the ordinary practice cannot also be an extraordinary reason to deviate from that practice. I think I'm summarizing the holdings of some of the other circuits in that question. Would you like to comment on that? Sure. Sure, Judge Collins. And I think, first of all, I think the ordinary practice is extremely rare, first of all, I did file a belated 28-J letter setting out some statistics today, and the amount of stacked 924-C sentences is very rare, considering how many cases, I believe... I understand that, but my point about ordinary practice was the ordinary practice is non-retroactivity. Yes. And you seem to be arguing that it's extraordinary here because there's a new penalty that's not retroactive, but would be applicable to a new defendant. Well, we know the intent of the First Step Act was to unwind decades of mass incarceration and to increase the use of compassionate release. We do know that. That's in the title of the First Step Act. And the fact that there's no mention of it being retroactive does not, again, necessarily, does not mean it cannot be considered. We're only arguing it should have been considered by the district court, not that it automatically warrants relief. And we believe leaving it in the district court's discretion to consider that is entirely consistent with the intent of the First Step Act. All right. Thank you. Madam Clerk, I didn't really mean for you to stop the clock, but maybe Mr. Moss, I think, has about two minutes left for rebuttal. If you think that's fair, Mr. Moss, I think you went more than 24 seconds. I think that's fair, Judge Colligan. Thank you. Very well. Mr. Hurst, we'll hear from you. Thank you, Your Honor. May it please the court, Ben Hurst for the United States. The district court did not err when it denied the defendant's motion for compassionate release because non-retroactive sentencing amendments do not apply to the defendant, can't be an extraordinary and compelling reason to apply those same amendments to the defendant. To address a question that Judge Kelly asked right off the bat, the important distinction between the extraordinary and compelling reasons gateway and 3553A is explained, I think, very well in Jarvis, where the first question is about is the defendant eligible for relief at all? And the second question is about to what extent, if any, considering all of the factors in 3553A, the defendant's sentence should be reduced. But considering the first question, in the government's view, the extraordinary and compelling reasons, and it's really a question of what does that phrase mean in the statute, does not include the category of district court disagreement with congressional decisions about what the sentencing range should be for a particular offense or about whether the Congress made an error or should not have chosen to make certain changes non-retroactive. In fact, what we know, as Judge Colleton pointed out, and is what the Supreme Court says in Dorsey, is that the ordinary practice is not to apply sentencing changes retroactively. Mr. Hurst, how do you then respond to the idea that, all right, well, at least this is how I understand the defendant's position, is that it's not the change in the law itself, which is the extraordinary, compelling reason, that their reasons include that fact that the district court just needs to take into account when looking at the other reasons, because it is a statutory plural, for considering it. So what about that distinction? Well, Your Honor, I think that the proper place to consider the extent of the defendant's sentence and what would be compared with that is under the 3553A analysis. But I think you have to first ask the question, when Congress wrote extraordinary and compelling reasons, did it intend for that to encompass non-retroactive sentencing changes? And in fact, our view is that Congress, well, consider this, when Congress amended 3582 in the First Step Act, it did so against the backdrop of the existing 1B1.13 list of circumstances that it had ordered the Sentencing Commission to put in place. And when it does that, this court can conclude, even if 1B1.13 is no longer binding, that it's persuasive authority about what category of circumstances qualifies extraordinary and compelling, and whether that category includes re-looking at sentences because the district court disagrees with Congress' choice not to make a sentence retroactive. Counsel, as a practical matter, though, if the concern is not permitting a district court to just disagree with the legislative decision not to make this retroactive or a disagreement with the way a certain statute punishes or imposes penalty, as a practical matter, what's the difference between considering it at the 3553A step from considering it initially, just as a matter of practice in getting into court and talking to the judge? Why is it okay to say the 3553A if it's not for the First? Well, Your Honor, because if the defendant first can't show extraordinary and compelling reasons, it doesn't matter what the 3553A factors would require in his case. And I think I'd point the court to the 3582. At the beginning of 3582, it says, see, it says, the court shall not change a sentence once it's been imposed. And then it creates an exception for when there are extraordinary and compelling reasons. So the difference is, if you can't make it through the gateway, then you don't get to consider these additional factors about what kind of sentence might be permissible in a particular case. And I would just point the court to the factors that are listed in 1D1.13, which are all factors that relate specifically to the defendant's individual characteristics. So his age, his health, his family circumstances, all of those are just a simply different kind than the categorical application of non-retroactive sentencing changes to the defendant. So to apply those, to allow a defendant to say, well, I am in the category of people for whom Congress did not permit retroactive application of this change, is to allow the defendant to then get a resentencing that the statute generally prohibits. I think I would point the court to this too. What we know from this court's decision in fine is that when a defendant brings a 3582C1A motion, but what he's really challenging is the constitutionality of his sentence or conviction, then this court has said, well, you have to go through 2255's procedural structure to bring that claim. So that's a large structure that Congress has created that prohibited certain kinds of claims from being considered by this court at all without permission or by the district court after a very strict time limit. It would be strange to interpret 3582C1A, the extraordinary and compelling reasons portion, to permit the district or the defendant to bring a claim saying, well, I'm just unhappy because my sentence is substantively unfair, when he couldn't bring the same kind of claim that it was constitutionally infirm. Because what we know about 3582C1A is there's no limit on time. There's no ability for the district court to... There's no requirement to get this court's permission for second and successives. There's no strict limit. For example, the gateway in 2255E, which is the kind of thing that you have to first show before you can bring 2241. So I think the way to think about this is not the difference between... Well, it doesn't make any practical difference, but rather it makes all the difference in the world. And in fact, as some courts have noted, to allow a defendant to get into district court and get a resentencing or a sentence reduction based on a disagreement with a congressional choice really raises some separation of powers concerns. Further, Your Honor, I think I'd point out... I don't think I've made this as clearly as I'd like to in my brief, but if the court is looking for an example of where Congress was expressed in providing the avenue that the defendant is seeking here, the court can look no further than the section after 403 in the First Step Act, because what section 404 does is it permits the court but does not require a court to apply the Fair Sentencing Act retroactively in a particular case. So what section 404 does is what expressly is what the defendant is arguing here that section 403 combined with an implication from the Sentencing Reform Act of 84 does impliedly. And I think the court... If the court... In fact, a flip side of the way to think about that is if the defendant is correct about 3582C1A and the discretion that it affords district courts to apply non-retroactive sentencing amendments, then Congress didn't need to enact section 404 at all because any defendant can walk into the district court and say, well, you should apply the Fair Sentencing Act retroactively to me, and that would entitle the defendant to a sentence reduction if the district court agrees. Mr. Hurst, there is no definition of extraordinary and compelling reasons, correct? So there's no place in this statute that says extraordinary and compelling circumstances don't include X, Y, and Z. So you've given us an X. Is it only X? Is there Y and Z? And what's the flip side? Sort of what is this rule? If there could be a bigger rule on what can or cannot be considered for extraordinary and compelling, what is your rule? Well, Your Honor, I think I'd point the court specifically to the fact that Congress didn't change extraordinary and compelling reasons after it knew what the Sentencing Commission had interpreted that term to mean. So certainly the things that are listed in 1B1.13, to the extent 1B1.13 is not binding, it would be by the doctrine of treating like things alike, or the other, when you have a list of things, X, Y, Z, and other. But we know that's not binding, right? So that's guidance. So we're talking about guidance here in this conversation. But do you have any other sort of line in the sand prohibitions? I'm sorry. I think that I would point the court back to the, I mean, all of this is reasoning by implication, right? Defendant says necessarily 3582C1A includes something that Congress expressly prohibited, right? So he's implying a certain thing into the 84 Act that we are saying, well, you should be express about that if you're going to say Congress doesn't want to give you that, right? How about this? Mr. Moss says, well, my guy only had a little bit of drugs when I committed my 924C. Is that possibly extraordinary and compelling regardless of the statutory change in the penalties? Your Honor, I think that the, well, I think I'll give you. How could that be extraordinary and compelling? That's just a fact that was always in the case that was irrelevant at sentencing the first time. And does extraordinary and compelling allow the judge basically to go back and change the sentence based on the original facts? Your Honor, we would say that that specific claim would not be permitted under 2255, by the way, because it's not a constitutional claim. But we think the problems inherent in permitting district. I'm talking about 3582C. I understand, Your Honor. I would say in response to your question, that is a sort of disagreement with what Congress set out as the sentencing limits that 3582C1A simply doesn't consider extraordinary and compelling reasons. I see I'm out of time. I'm happy to address further, but I don't want to abuse the court's time. We'd ask the district or we'd ask this court to affirm the district court. All right. Thank you for your argument. Mr. Moss, we'll hear from you in rebuttal. Thank you, Judge Colleton. Originally, 1B1.13, the application note 4D, which again is advisory, it itself does contemplate when it was required to be the BOP to initiate a motion for compassionate release. It itself is not limited to those reasons listed there. It also says, or other reasons as determined by the Bureau of Prisons. So even with the old policy statement, there's not a limitation on the types of things and factors that a district court may consider in determining whether to grant a sentence reduction. The title of the First Step Act, and specifically regarding compassionate release, the intent is to increase the use of compassionate release. So we know, because Congress has told us, that they want to expand the substantive criteria for who's entitled to compassionate release. My question then on the drug quantity. Is that extraordinary and compelling because most 924C guys have more drugs or commit violent crimes, and your guy just had a small amount of drugs? Is that allowable under your theory of the statute? Judge, I think everything should be considered. Everything may be considered. So it's basically like a parole system then. 3582C is basically a parole system where the judge can consider anything and reduce the sentence. Based on what we have now, if we consider extraordinary and compelling as being a gateway to get a reduction, I do agree that I think it's somewhat of a blank slate. We know we traditionally afford district courts lots of discretion to consider everything about a case. At least that's what we do at sentencing. We believe this court should follow the same rule and allow the court to consider this. Again, not a per se rule, but just the court may and should consider this factor. That's all I have unless there are any additional questions from your honors. Okay. Seeing nothing else, we thank both counsel for your arguments. Case is submitted. The court will file a decision in due course.